ANNE STALLKNECHT, as Administratrix of CHARLES STALLKNECHT, Deceased, Respondent, *v.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Statutes giving right of action for negligent killing — in what States, and by whom it can be enforced.*

This action was brought to recover damages arising from the death of plaintiff's intestate, in the State of New Jersey, occasioned by the negligence of the defendant, a foreign corporation. At the time of the accident there was in force in the State of New Jersey a statute, similar to that of this State, giving to the personal representatives of the person killed by the negligence of any person a right of action for the damages occasioned thereby. The plaintiff was appointed administratrix by the surrogate of New York.

*Held,* that the right of action given by the New Jersey statute could be enforced in the courts of this State by an administratrix appointed in this State.

Appeal from an order overruling a demurrer interposed to the complaint.

On April 6, 1875, one Charles Stallknecht, plaintiff's intestate, who was then in the employment of the defendant, was killed by a collision on its railroad near Millstone, New Jersey.. On September 23, 1875, the surrogate of the county of New York issued letters of administration to the plaintiff who, thereupon, brought the present action. The defendant demurred to the complaint. Upon the trial Mr. Justice Van Brunt overruled the demurrer, and from that decision the present appeal is taken.

*John M. Scribner,* for the appellant. No action can be maintained in this State by an administrator appointed under the laws of New York, to recover upon a cause of action not existing at common law but created by the New Jersey statute set forth in the complaint. (*Mackay, Admr.,* v. *Cen. R. R. of N. J.,* per Shipman, J. [MS.].) The same question has been passed upon in several other States. (*Richardson* v. *N. Y. Cen. R. R. Co.,* 98 Mass., 85; see, also, Revised Statutes of New York, 2 R. S., 73, § 23, p. 75 [Edm. ed.].) The accident by which Mr. Richardson was injured happened in 1865. At that time there was a statute in Massachusetts

giving a remedy in such a case. (Gen. Stat. Mass. [1860], 794, § 34; Sherman & R. on Neg., § 294; *Woodward* v. *Mich. So. and Northern Ind. R. R. Co.,* 10 Ohio State Rep., 120; *Needham, Admrx.,* v. *Grand Trunk Railway,* 38 Vermont, 294; *State* [use of Allen] v. *Pittsburgh, etc., R. R. Co.,* 45 Maryland Rep., 41.) At the time of these decisions the statutes of Ohio, Illinois, Vermont and New Jersey, were substantially like the statute of this State. That the plaintiff cannot recover on the facts alleged in her complaint is also established by the decisions of our courts, that a New York administrator cannot recover, even under the statute of New York allowing compensation to the widow and next of kin of a person whose death has been caused by wrongful act, neglect or default (chap. 450, Laws 1847), where the injury resulting in death occurred without the State. (*Beach* v. *Bay State Co.,* 10 Abb., 71; S. C., 30 Barb., 433; *Whitford* v. *Panama R. R. Co.,* 23 N. Y., 465; S. C., 3 Bosw., 67; *Crowley* v. *Panama R. R. Co.,* 30 Barb., 99.)

*Clifford A. H. Bartlett,* for the respondent. It has been held by the courts of this State that an action of this character could be maintained on a foreign statute similar to our own. (*Whitford* v. *The Panama R. R.,* 23 N. Y., 474; S. C., 3 Bosw., 17 and 83; *Van Buskirk* v. *Warren,* 41 id., 131; 27 Barb., 246.) It is not requisite to the maintenance of this action that letters of administration should have been taken out in the State where the cause of action arose. (*Kansas Pacific Railway Co.* v. *Lydia H. Cutter, Administratrix,* 16 Kansas; *Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Hendricks, Administrator,* 41 Indiana, 73.)

BRADY, J.:

The intestate was in the employment of the defendant, and while so engaged was killed on the line of their road or route and in the State of New Jersey. It does not appear, by express averment, whether or not he was a resident of this county at the time of his death, but the presumption must be that he was, inasmuch as letters of administration were granted of his effects. When the collision occurred by which the intestate was deprived of his life, there existed in this and in the State of New Jersey, a statute which gave to the personal representatives of the person killed a right of action for dam-

ages resulting from death if caused by negligence. When the death occurred, if caused by negligence, a right of action instantly accrued to the personal representatives, whoever they might be, and this right being personal in character followed the rule of the common law and could be enforced wherever jurisdiction of the wrong done could be acquired. In the following cases, *Beach* v. *The Bay State Company* (30 Barb., 433); *Crowley* v. *Panama Railroad Company* (30 id., 99), cited on behalf of the defendant, the effect of a corresponding statute in the respective States was not considered or suggested, but in *Whitford* v. *Panama Railroad Company* (23 N. Y., 474), it was, and the intimation of the court was decidedly in favor of the right of action as a consequence. It is not doubted in any of these cases, that if the right of action existed by the common law it could be enforced in all States where the common law prevailed, and the doctrine rests on the proposition that the law is the same in each sovereignty. When instead of the common law we have kindred statutes, the principle exists, from which, in the realm of the common law the right of action springs, and the rules of that realm are applicable in the enforcement of the right. When, therefore, the plaintiff was appointed administratrix she became the representative of the right and could enforce it here if, by the process of our courts, we could obtain jurisdiction over the defendant. This was possible and was accomplished.

The question presented does not involve the doctrine of *ultra vires* in any form. If a right of action exists and attaches to the person who seeks to enforce it, and it is not local in character, the courts are open for the remedy, and in this case the cause of action having been created by the law of New Jersey and conferred upon the personal representatives of the person killed, and she presenting her claim, this court is open to her for redress. In granting her the aid of our jurisdiction, we are not subjecting the defendant to an action under our statutes for injuries done in another State, but for the enforcement of a right of action created by another State and conferred upon persons dwelling within our own.

None of the cases in our courts are in conflict with this view, and on principle, they could not well be and stand the test of examination.

The order appealed from should, for these reasons, be affirmed with ten dollars costs, and the disbursements of this appeal.

Davis, P. J., and Ingalls, J., concurred.

Order affirmed, with ten dollars costs and disbursements.